PAWTUCKET SASH & BLIND COMPANY *vs.* FRANK A. COFFEY, *alias et al.*

HAWKINS LUMBER COMPANY *vs.* FRANK A. COFFEY, *alias et al.*

.JULY 5; 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)   *Mechanic's Lien.   Materials Furnished Tenant.   Consent of Owner of Fee.*

A tenant in possession of property with an option to purchase it, obtained verbal permission of the owner to make changes in the house and for such purpose purchased materials from petitioners.

*Held*, that the tenant was not the agent of the owner in purchasing the materials.

*Held*, further, that the tenant could not be regarded as a contractor on behalf of the owner.

*Held*, further, that only the interest of the tenant stood pledged for the materials furnished and the interest of the owner was not bound in the absence of his consent in writing under the statute.

MECHANIC'S LIEN. Heard on appeal from decree of superior court dismissing petitions and appeal dismissed.

SWEETLAND, C. J., Each of the above entitled causes is a petition to establish a mechanic's lien upon a certain lot of land and the buildings thereon, situated in the town of Barrington, to satisfy the claim of the petitioner for materials furnished in the construction, erection and reparation of said buildings.

The petitions were heard together before a justice of the Superior Court upon the respondent's motions to dismiss. In each case said justice entered a decree dismissing the petition. Each case is before us upon the appeal of the petitioner from the decree of dismissal.

From the transcript of evidence it appears that the respondent Coffey is the holder of the entire record title of said lot of land, but the respondent Williams is the owner of a little more than a one-half interest therein. In June 1921, the respondent Williams received of one Granville P. Lindley one hundred and fifty dollars as rent of said house and lot, and gave to Lindley a written option to purchase said house and lot. By its terms the option to purchase was to expire on August 15, 1921. Said Lindley did not exercise this option, and later abandoned the property. The building on said lot had been constructed originally with reference to its use as a summer dwelling. While he was in possession, Lindley obtained the verbal permission of the respondents to make changes in the house with the intention of fitting it as a place of residence throughout the year. This Lindley proceeded to do, and it was in connection with such changes that the petitioners furnished the materials for which they seek to establish mechanic's liens upon said house and lot.

The evidence does not warrant a finding that, in purchasing said materials from the petitioners, said Lindley was acting as the agent of the respondents.

The claim of the petitioners that Lindley should be regarded as a contractor in making said changes in behalf of the respondents is entirely unsupported by the testimony, as is the contention that conversations between representatives of the petitioners and the respondent Williams amount to a ratification of the acts of Lindley as the respondent's agent.

The relation of Lindley with the respondents was that of a tenant, who had a written option of purchase, and to whom the respondents had given verbal permission to make certain changes in the property, at Lindley's expense, which would fit it for his use in the event of his carrying out his intention of exercising the option to purchase. In those circumstances in accordance with the provisions of the statute, Chapter 257, General Laws 1909, whatever the status of Lindley may have been with reference to said house and lot, whether he be regarded as a tenant of the respondents, or as a conditional vendee as the petitioners denominate him, it was solely the interest of Lindley in said property which stood pledged for the materials in question. The interest or title of the respondents was not bound, in the absence of their consent in writing first obtained assenting to such construction, erection or reparation and acknowledging their estate to be also holden for the payment of said materials. *Long Island Brick Co. v. Arnold*, 18 R. I. 455. It is not claimed that such written consent was given, but the petitioners urge that the evidence shows that oral consent was given by the respondents. Such consent, if established, would not avail the petitioners. It can be said, however, in support of the fair dealing of the respondents that the evidence entirely fails to sustain the petitioners' contention of oral consent to bind their estate given by the respondents.

In *Briggs v. Titus*, 7 R. I. 441, it was sought to establish a lien upon land owned in fee by a wife for labor and materials furnished in the construction of certain buildings on said land, upon the request of the husband of the owner,

in which request the wife had joined.   The court held that under the statute the consent of a wife in writing is necessary to enable her husband to subject her land to a lien for work and materials supplied in building upon it.   The principle enunciated in that case is of general application. In the matter before us, the statute provides that the interest of an owner in fee of land shall not be pledged for materials furnished in building upon the land at the request of a tenant or one having less than a freehold therein, save upon the written consent of such owner.   To hold that a lien could be created otherwise than by such consent in writing would render idle the provisions of the statute.

The action of the Superior Court in dismissing the petitions was without error.   The appeal in each case is dismissed.   The decrees of the Superior Court are affirmed and each cause is remanded for further proceedings.

*William M. P. Bowen,* for petitioners.

*John P. Beagan,* for respondent.